## THE STATE OF IOWA:

### DES MOINES, DECEMBER TERM, A. D. 1879.

IN THE THIRTY-THIRD YEAR OF THE STATE.

---

PRESENT:

HON. JOSEPH M. BECK, CHIEF JUSTICE.
" AUSTIN ADAMS,
" WILLIAM H. SEEVERS, }
" JAMES G. DAY, } JUDGES.
" JAMES H. ROTHROCK. }

---

## ALLER v. PENNELL.

1. **Practice in the Supreme Court:** AMENDED ABSTRACT. The only way in which the appellee can take advantage of the failure of the abstract to contain all the evidence is by filing an amended abstract.

2. **Contract:** FAILURE TO PERFORM. A party seeking to enforce a contract is not bound to prove performance, where the other party has failed to do what constituted a necessary condition precedent of performance on his part.

(537)

Aller v. Pennell.

*Appeal from Clarke District Court.*

Tuesday, September 16.

Action for damages alleged to have been sustained by reason of a breach of a contract, whereby the defendant agreed to sell and deliver to the plaintiff one thousand healthy and merchantable sheep, and upon which contract the plaintiff paid the defendant five hundred dollars at the time of its execution. The defendant admits the making of the contract, and admits the payment of five hundred dollars, but denies any breach of the contract upon his part. He avers that, in accordance with its provisions, he tendered the sheep, but that the plaintiff refused to accept them, and refused to pay the balance due for them.

The evidence shows that the defendant did tender to the plaintiff one thousand sheep, and that the plaintiff refused to accept them. He based his refusal upon the ground that many of them were not healthy and merchantable, but afflicted with scab, and that some others were covered with burrs. The evidence showed that a portion of the sheep were in that condition. Other facts are stated in the opinion. There was a trial by jury, and verdict and judgment were rendered for the defendant. The plaintiff appeals.

*C. C. McIntire,* for appellant.

*S. P. Ayers* and *Chaney & Temple,* for appellee.

Adams, J.—I. The appellee insists that the case is not reviewable, for the reason that the abstract does not contain all the evidence, even upon the points upon which error is assigned. The abstract purports to contain all the evidence. If it does not, in fact, the appellee should have supplied the deficiency by an amended abstract. In the absence of such amended abstract we must.

1. PRACTICE in the supreme court: amended abstract.

Aller v. Pennell.

assume that we have before us all the evidence that is necessary.

II.   The jury found specially that neither party had complied with the contract, and, therefore, found generally for the defendant.

The theory of the trial court was that, to enable the plaintiff to recover, he should show that he tendered the balance 2. CONTRACT: of the purchase money, or in some way offered failure to perform. to perform what was to be done upon his part. An instruction was given, a part of which is in these words: "Whichever party seeks to enforce a contract, he must prove performance, or tender of performance, on his part, and a failure to perform on the other's part." The giving of this instruction is assigned as error. In our opinion the instruction is not applicable to this case, and should not have been given. The sheep were purchased by the pound, and were to be weighed before the balance due could be ascertained. The contract upon that point is in these words: "The said P. Aller agrees to pay five and one-half cents per pound for said sheep, to be weighed at Murray, Clarke county, Iowa; said sheep to be weighed to P. Aller on the 1st day of March, 1875." The evidence shows that the plaintiff was at Murray at the time appointed for the weighing and delivery of the sheep for which he had contracted, and was ready to receive such sheep, if they had been weighed out and tendered to him; but this was not done. Certain sheep, it is true, were weighed out to him, but they were not, as we may assume from the special finding of the jury, of the number and quality called for by the contract. Until sheep of that number and quality were weighed out to him it is evident that he could not know the amount due from him, and that he could not perform on his part.

Several other errors are assigned, but the view which we have taken of the case renders the consideration of them unnecessary.

REVERSED.